EL PUEBLO, DEMANDANTE Y APELADO, *v.* ECHEANDÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por infracción a la Ley de Arbitrios.

No. 1829.—Resuelto en abril 24, 1922.

ALAMBIQUES—PRUEBA DE NO ESTAR INSCRITO EL ALAMBIQUE.—De acuerdo con la doctrina establecida en *El Pueblo* v. *Hernández,* resuelto en abril 21, 1922, el fiscal no está obligado a probar que el acusado de tener bajo su control un alambique para destilar licores no lo tenía inscrito. Es al acusado a quien incumbe probar que tenía licencia del Tesorero para poseerlo.

DISCRECIÓN JUDICIAL—PERÍODO DE PRUEBA.—No puede concluirse que hace mal uso de la facultad discrecional que tiene una corte para negar a un acusado la admisión de evidencia una vez pasado el período de prueba, cuando aún admitida, la evidencia negada no hubiera sido bastante para cambiar el resultado del juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Negrón Benítez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fué acusado de infracción al artículo 61 de la Ley de Arbitrios porque tenía en su poder y custodia como guardián cuatro alambiques o aparatos para destilar, conectados, sin haberlos inscrito en la oficina del Tesorero de Puerto Rico, y uno de los motivos que alega en su apelación

contra la sentencia condenatoria dictada contra él es que fué admitida como prueba una certificación del Tesorero de Puerto Rico creditiva de que el apelante no tiene inscritos en su oficina dichos alambiques.

En el caso de *El Pueblo* v. *Hernández,* que hemos fallado el día 21 del corriente mes y año, (pág. 368) hemos declarado que tal prueba no es necesaria en estos casos.

Otro motivo del recurso se funda en que hubo error en la corte inferior en la apreciación de la prueba contradictoria y en que no hay suficiente evidencia para sostener la sentencia condenatoria.

La prueba en este caso fué ciertamente contradictoria pues mientras tres testigos de la acusación declararon que el día a que se refiere la denuncia vieron al acusado destilando alcohol en unos alambiques que estaban en un cafetal, la defensa trató de probar con sus testigos que en dicho día y hora no estaba el acusado en dicho sitio y sí en otro distinto y también trató de demostrar esa prueba que los alambiques ocupados eran trabajados por un tal Betancourt. El apelante se limita a expresar su opinión de que debió ser creída su prueba pero no nos expone las razones por las cuales debió la corte dar más crédito a la prueba del acusado que a la del fiscal. En verdad la cuestión era en este caso si el apelante el día a que se refiere la denuncia tenía en su poder y manipulaba los alambiques sin tenerlos inscritos en la Tesorería de Puerto Rico o no y ese conflicto fué resuelto en su contra sin que por el examen que nosotros hemos hecho de la prueba podamos decir que la corte inferior cometió un manifiesto error en la decisión del conflicto entre unos y otros testigos por lo que creída la prueba de la acusación no podemos tampoco negar que es suficiente para poder dictar con ella una sentencia condenatoria.

Después que ambas partes terminaron de presentar la prueba y cuando el abogado del acusado hizo su argumen-

tación a la corte solicitó que se le permitiera presentar otra prueba para demostrar que un tal Betancourt había hecho manifestaciones ante el juez municipal de ser el culpable en este caso, y por no haberle permitido la corte retrotraer el juicio al período de prueba alega ahora que fué un error de la corte que hace necesaria la revocación de la sentencia.

La corte tenía poder discrecional para acceder o no a esa petición pero no encontramos que hiciera un mal uso de esa facultad al negarse a la solicitud toda vez que los testigos del acusado ya habían declarado sobre ese extremo y además porque las declaraciones de otras personas de que ante ellas había reconocido Betancourt ser el dueño de los alambiques no eran bastantes por sí solas para cambiar necesariamente el resultado del juicio.

También se alega que la sentencia es errónea porque condena al apelante a cien dólares de multa y en su defecto a sufrir treinta días de cárcel siendo de este modo alternativa y a elección del acusado.

Aunque la imposición de la pena no está hecha claramente en forma electiva para el acusado, sin embargo, puede entenderse así desde el momento en que lo condena a pagar una multa y en defecto de su pago a sufrir treinta días de cárcel pero no lleva como consecuencia la revocación de la sentencia toda vez que podemos modificarla en el sentido de que, en este caso, en defecto del pago de la multa sufra el acusado prisión a razón de un día por cada dólar que deje de satisfacer no excediendo de treinta días.

La sentencia apelada debe ser confirmada con la modificación dicha.

> *Confirmada la sentencia apelada pero modificándola en el sentido de imponer al acusado un día de cárcel por cada dólar que deje de satisfacer, no excediendo de treinta días.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.